IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 14 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-05-220 |
| $16,721, U.S. CURRENCY, | § § | |
| Defendant. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on November 14, 2006, the Court considered the United States' Unopposed Motion for a 60-Day Extension to File Settlement Papers. Dkt. No. 12.

In the instant motion, the Government requests a 60-day extension of time to file settlement documents. *Id.* If granted, a 60-day extension would require a modification of the Court's Scheduling Order regarding the dates scheduled for the final pre-trial conference and jury selection of this case. *See* Dkt. No. 11. Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); *see also* Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause'

1

standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992))). Absence of prejudice to the non-moving party is not sufficient to establish good cause. *See Alton Crain*, 2005 U.S. Dist. LEXIS at *4; Jones v. J.C. Penney's Dep't Stores, Inc., 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. 2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.

In the instant motion, the Government indicates that the parties have reached an agreement to settle the case, and the motion outlines the provisions of the settlement. Dkt. No. 12, at 1. However, the Government requests a 60-day extension of time to file the settlement documents because the notice of intent to forfeiture has not been published. *Id.* at 2. The final pre-trial conference for this case is currently scheduled to occur at the end of November, and jury selection is set for the beginning of December. Dkt. No. 11. Thus, a continuance would be required in order to allow the case to settle according to the parties' agreement and prevent it from being tried.

Based on the parties' representations, the Court finds that the parties have acted diligently to prepare the settlement of this case. If an extension of time to file the settlement documents were not granted at this time, the parties would be forced to litigate this matter when they have already reached a settlement agreement. Therefore, the Court determines that there is good cause for granting the requested extension of time.

Based on the foregoing, the Court **GRANTS** the United States' Unopposed Motion for a 60-Day Extension to File Settlement Papers. Dkt. No. 12. The case is therefore **RE-SET** as follows:

        Final Pre-trial Conference:    January 3, 2007, at 1:30 p.m.
        Jury Selection:    January 8, 2007, at 9:00 a.m.

DONE at Brownsville, Texas, this 14 day of November, 2006.

Hilda G. Tagle
United States District Judge